NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-50286 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00526-SB-1 |
| v. | |
| DARNELL CORNELIUS ST. CLAIR, AKA Big Brownie, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted February 16, 2023
Pasadena, California

Before:  O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

Darnell St. Clair appeals the district court's denial of his motion to suppress the firearm that was discovered when an officer frisked him after he fled from the lawful stop of a vehicle in which he was a passenger.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      St. Clair does not contest that there was reasonable suspicion to stop

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the vehicle in which he was a passenger. Rather, he only argues that the officer who detained him lacked reasonable suspicion to do so and to frisk him after he fled from the vehicle.

When an officer performs a lawful traffic stop, he may reasonably "order a passenger back into an automobile that he voluntarily exited." *United States v. Williams*, 419 F.3d 1029, 1034 (9th Cir. 2005). There is no dispute that the traffic stop was lawful, St. Clair matched the description of one of the individuals who had fled the vehicle after it crashed, and St. Clair was found in close temporal and spatial proximity to the crash. The officers therefore had the authority to control St. Clair's movements to investigate the incident. The district court did not err in concluding that there was reasonable suspicion to detain St. Clair.

2. We need not decide whether the frisk was justified by reasonable suspicion that St. Clair was armed and dangerous because the firearm would have inevitably been discovered during a lawful search incident to arrest. There was probable cause to arrest St. Clair for violating California Penal Code § 148, which prohibits a person from resisting, delaying, or obstructing a police officer when the officer has reasonable suspicion to detain the person. *See Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018–19 (9th Cir. 2015) (citing *Garcia v. Superior Ct.*, 99 Cal. Rptr. 3d 488, 500 (Ct. App. 2009)) (listing elements of section 148). St. Clair's flight from the arresting officer in the parking lot "delayed the

performance of [the officer's] duties and created probable cause to arrest for violating [section] 148." *In re Andre P.*, 277 Cal. Rptr. 363, 364 (Ct. App. 1991) (citing *People v. Allen*, 167 Cal. Rptr. 502 (Ct. App. 1980)) (finding "a garden variety section 148 violation" on nearly identical facts). A command to stop is not an element of a § 148 violation. *See Allen*, 167 Cal. Rptr. at 505–06 (rejecting defendant's argument "that the officer must advise the individual that he is under arrest or that the officer wants to detain him").

**AFFIRMED.**